**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TANESHA WHITAKER, special and independent administrator of the Estate of FLINT FARMER, deceased, and the CHICAGO TRUST COMPANY, N.A., co-independent administrator of the Estate of FLINT FARMER, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO and OFFICER GILARDO SIERRA, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 11 C 7362 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On October 18, 2011, Defendant City of Chicago – with the consent of Defendant Officer Gildardo Sierra – removed this lawsuit from the Circuit Court of Cook County, Illinois, County Department, Law Division pursuant to the Court's original and supplemental jurisdiction. *See* 28 U.S.C. §§ 1331, 1367(a). On July 12, 2012, Plaintiffs Tanesha Whitaker, as the special and independent administrator of the Estate of Flint Farmer, deceased, and the Chicago Trust Company, N.A. ("Chicago Trust"), as co-independent administrator of the Estate of Flint Farmer, deceased, brought the present five-count Fourth Amended Complaint against Defendants alleging state law wrongful death claims, survivor act claims, and a Fourth Amendment excessive force claim pursuant to 42 U.S.C. § 1983.

Prior to Plaintiffs filing their Fourth Amended Complaint, on March 20, 2012, the Court granted Defendants' motion to reassign case number 12 C 1676 in which Plaintiff ATG Trust

Company ("ATG"), as independent administrator of the Estate of Flint Farmer, deceased, filed a lawsuit alleging the same claims against Defendants City of Chicago and Officer Sierra as the claims in Whitaker's lawsuit. On May 2, 2012, both Whitaker and ATG filed cross-motions to dismiss based on the lack of subject matter jurisdiction wherein each party claimed to be the sole authority to bring the present federal and common law claims on the behalf of the Estate of Flint Farmer. Thereafter, the parties resolved the legal capacity issues, Plaintiffs filed the present Fourth Amended Complaint.

Before the Court is Defendant Officer Sierra's "request for a ruling on the Court's jurisdiction to hear this case" that the Court construes as a motion to dismiss based on the lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1). In Defendants' joint reply brief, the City maintains that it was inadvertently omitted from Defendant Officer Sierra's motion and seeks to join the motion. For the following reasons, the Court denies Defendants' Rule 12(b)(1) motion.

**LEGAL STANDARD**

The standard the Court employs on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on the purpose of the motion. *See Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443-44 (7th Cir. 2009); *United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir. 2003) (en banc), *overruled on other grounds by Minn–Chem, Inc. v. Agrium, Inc.,* 683 F.3d 845 (7th Cir. 2012). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Apex Digital,* 572 F.3d at 443-44; *United Phosphorus,* 322 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations, the Court may look beyond the

pleadings and view any evidence submitted to determine if subject matter jurisdiction exists. *See Apex Digital,* 572 F.3d at 443–44; *United Phosphorus,* 322 F.3d at 946; *see also St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007). "Where jurisdiction is in question, the party asserting a right to a federal forum has the burden of proof, regardless of who raises the jurisdictional challenge." *Craig v. Ontario Corp.,* 543 F.3d 872, 876 (7th Cir. 2008).

## BACKGROUND

On June 7, 2011, certain Chicago Police Department ("CPD") officers, including Defendant Officer Sierra, were on patrol in the Englewood neighborhood of Chicago. (R. 81, Fourth Am. Compl. ¶ 21.) At approximately 1:54 a.m. on June 7, 2011, Defendant Officer Sierra and Officer Marco Torres responded to a domestic battery call. (*Id.* ¶ 22.) Upon their arrival, the police officers observed the alleged offender, Farmer, flee on foot, after which Defendant Officer Sierra chased him. (*Id.* ¶¶ 23, 24.) Officer Torres, on the other hand, drove a squad car in an effort to cut off Farmer's line of flight. (*Id.* ¶ 24.) Plaintiff Whitaker alleges that Farmer stopped running and turned to face Defendant Officer Sierra around the 6200 block of South Wolcott Avenue. (*Id.* ¶ 25.) At that point, Defendant Officer Sierra asked Farmer if he had a weapon, to which Farmer stated no. (*Id.* ¶ 26.) Plaintiff Whitaker alleges that Defendant Officer Sierra nevertheless fired 13 rounds at Farmer causing multiple gunshot wounds. (*Id.* ¶ 267.) After Farmer fell to the ground, Defendant Officer Sierra fired an additional three rounds at Farmer causing mortal wounds. (*Id.* ¶ 30.) Farmer was pronounced dead at the scene at 3:24 a.m. (*Id.* ¶ 36.) Plaintiff alleges that Farmer was not armed with a gun or a weapon during the time in which Defendant Officer Sierra and Officer Torres chased him and when Defendant

Officer Sierra shot him.  (*Id*. ¶ 37.)

## ANALYSIS

In the present motion and legal memoranda, Defendants argue that Whitaker lacks jurisdictional standing to prosecute this lawsuit.  In doing so, Defendants adopt the legal reasoning in ATG's brief when it moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(1).  In particular, Defendants argue that "[a]lthough both Whitaker and ATG withdrew their motions to dismiss, the Defendants jointly submit that the jurisdictional issues relating to Whitaker's standing were raised before this Honorable Court, and cannot be simply swept away by an agreement between the parties."  (R. 95, Reply, at 3.)  The dispute between Whitaker and ATG, however, involved Flint Farmer's biological parents' rights under the Illinois Probate Act, 755 ILCS 5/9-3.  In particular, on December 7, 2011, an Illinois probate court appointed ATG as an independent administrator of the Estate of Farmer based on Emmett Farmer's petition for Letters of Administration of his son's estate.  After ATG and Whitaker resolved their dispute over who had the legal capacity to bring the present claims, Judge Mary Ellen Coghlan of the Circuit Court of Cook County appointed Whitaker and the Chicago Trust Company as co-independent administrators of the Estate of Flint Farmer on July 2, 2012.  Therefore, the dispute between Whitaker and ATG, namely, who had the legal authority to bring this lawsuit on behalf of the Estate of Farmer, was resolved by the parties and through the Illinois probate court.  Nevertheless, for the sake of completeness, the Court discusses Whitaker's legal capacity to bring the claims in the present lawsuit.

"Under Article III of the United States Constitution, federal jurisdiction is limited to actual cases and controversies."  *Teesdale v. City of Chicago,* 690 F.3d 829, 836-37 (7th Cir.

2012). "Standing is 'an essential and unchanging part of the case-or-controversy requirement of Article III.'" *American Civil Liberties Union of Ill. v. Alvarez,* 679 F.3d 583, 590 (7th Cir. 2012) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). "[T]he requirements of Article III case-or-controversy standing are threefold: (1) an injury in-fact; (2) fairly traceable to the defendant's action; and (3) capable of being redressed by a favorable decision from the court." *Parvati Corp. v. City of Oak Forest, Ill.,* 630 F.3d 512, 516 (7th Cir. 2010).

Pursuant to Federal Rule of Civil Procedure 17(a), actions "must be prosecuted in the name of the real party in interest" which requires "that the complaint be brought in the name of the party to whom that claim 'belongs' or the party who "according to the governing substantive law, is entitled to enforce the right." *Rawoof v. Texor Petroleum Co., Inc.,* 521 F.3d 750, 756 (7th Cir. 2008). Put differently, the "'real party in interest' is the person who possesses the right or interest to be enforced through litigation." *RK Co. v. See,* 622 F.3d 846, 850 (7th Cir. 2010). Rule 17 allows a party to sue in a representative capacity, including executors, administrators, guardians, and trustees. *See Lincoln Property Co. v. Roche,* 546 U.S. 81, 93, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005); *Rawoof,* 521 F.3d at 755. Moreover, "Rule 17(a)(3) provides that a case should not be dismissed because it has not been brought in the name of the real party of interest 'until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action'; and 'after ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.'" *CWCapital Asset Mgmt., LLC v. Chicago Prop., LLC,* 610 F.3d 497, 502 (7th Cir. 2010) (citation omitted). The Advisory Committee Notes to the 1966 Amendment of Rule 17 indicate that this

5

provision was added in the "interests of justice" and "is intended to prevent forfeiture when the determination of the proper party to sue is difficult or when an understandable mistake has been made." Meanwhile, as the Seventh Circuit cautions, "[t]he requirements of Rule 17 should not be confused with the jurisdictional doctrine of standing," although, "[s]ome courts have described Rule 17's real-party-in-interest requirement as essentially a codification of [a] nonconstitutional, prudential limitation on standing." *Rawoof,* 521 F.3d at 756-57; *see also G & S Holdings LLC v. Continental Cas. Co.,* ___ F.3d ___ (7th Cir. Sept. 20, 2012).

Under the Illinois Wrongful Death Act, Illinois trial courts have the authority to appoint a special administrator to represent the decedent or the decedent's heirs if (1) the only asset of the decedent's estate is his claim under the Wrongful Death Act and (2) if the probate estate has not been opened. *See* 740 ILCS 180/2 *et seq.*; *Cushing v. Greyhound Lines, Inc.,* 358 Ill.Dec. 736, 755, 965 N.E.2d 1215, 1234 (1st Dist. 2012); *Baez v. Rosenberg,* 409 Ill.App.3d 525, 532, 350 Ill.Dec. 762, 949 N.E.2d 250 (1st Dist. 2011). On June 14, 2011, Judge William D. Maddux of the Circuit Court of Cook County granted Whitaker's petition for appointment as special administrator because the only asset of Flint Farmer's estate was this lawsuit and the probate estate had yet to be opened. Thus, Whitaker had the legal capacity to bring the present wrongful death claim when she filed her original complaint in the Circuit Court of Cook County.

Defendants, however, argue that because a special administrator cannot prosecute a wrongful death claim with other claims, *see Baez,* 409 Ill.App.2d at 533, and that the probate court appointed ATG as the administrator of the Estate of Farmer, Whitaker's "standing" to bring this lawsuit was nullified, her initial appointed was void, and she lacks the authority to bring the present Section 1983 and Illinois Survival Act claims. Defendants' argument,

however, is belied by their own admission that pursuant to Rule 17, district courts may grant plaintiffs time to acquire the appropriate probate appointments prior to dismissing a lawsuit. (R. 87, Opening Brief, at 9-10, R. 95, Reply Brief, at 7-8). Defendants nevertheless argue that the Court should not allow Whitaker to acquire the appropriate legal capacity via the probate court "because the equitable principles underlying Rule 17 do not apply." (Reply Brief, at 7-8.) Not only did Whitaker already acquire the appropriate legal capacity to bring the claims in this lawsuit on July 2, 2012, but the equitable principles underlying Rule 17 do apply under the circumstances of this case, especially in light of the serious allegations that armed Chicago Police Officer Sierra fired 13 rounds at Farmer, who was unarmed, causing multiple gunshot wounds, and that after Farmer fell to the ground, Defendant Officer Sierra fired an additional three rounds at Farmer causing mortal wounds. *See* Advisory Committee Notes Rule 17 (Rule 17(a)(3) added in the "interests of justice" and "is intended to prevent forfeiture when the determination of the proper party to sue is difficult or when an understandable mistake has been made."). Because Plaintiffs have the legal capacity to bring this lawsuit, the Court denies Defendants' motion.

## CONCLUSION

For the these reasons, the Court denies Defendants' motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1).

**Date:** October 5, 2012

                                        ENTERED

                                        _____
                                        **AMY J. ST. EVE**
                                        **United States District Court Judge**